InsnEV, J.
The plaintiff claims on a quantum meruit, for services rendered by him to the defendant, as his traveling agent and salesman, during twenty months—betweeii the 27th February, 1855, and the 27th *14 October, 1856, at the rate of one hundred and twenty-five dollars per month, the sum of twenty-five hundred dollars.
Also, the sum of one hundred and thirty dollars, the price of a gold watch, belonging to the plaintiff, and deposited for him with the defendant.
The general issue is pleaded,- and a special contract, in regard to the plaintiff’s services, is set up and relied on to defeat his claims.
That such a contract existed between these parties, is proved by the plaintiff’s own witnesses; and it is shown that previous to the institution of this suit, the plaintiff always insisted on a settlement in accordance with his contract with the defendant.
The plaintiff’s present action cannot therefore be maintained, as it would force judicially upon the defendant a liability different from that which he specially assumed by his agreement with the plaintiff, and which has the effect of law on both the contracting parties (O. O. 1895), and to which legal effect must be given. 1940 C!. O.
The true rule of pleading is enunciated, in this particular, in the case of Hogan v. Gibson, 12 La. 459, and we adopt it as applicable to the present case.
There is, however, no connection between the contract and the sum of one hundred and thirty dollars claimed by the plaintiff; and for this sum he is entitled to a judgment.
The claim of seventy-five dollars, set up by the defendant as a reconven tional demand, is connected with the agreement above alluded to, and cannot therefore be now allowed.
It is therefore ordered, adjudged and decreed that the judgment of the District Court bo annulled, avoided and reversed. It is further ordered that the plaintiff’s claim for personal services be dismissed, as in case of nonsuit; and that he have judgment against the defendant for the sum of one hundred and thirty dollars, with legal interest from the 9th May, 1855, and the costs of suit in both Courts to be paid by the appellee; and it is further ordered, that the defendant’s claim in reconvention for seventy-five dollars be dismissed, as in case of nonsuit, at his costs.